# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Debbie McCravy, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 2:08-CV-01933-PMD |
| v. ) | |
| ) | |
| Metropolitan Life Insurance Company, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court upon cross-motions for summary judgment filed by Plaintiff Debbie McCravy ("McCravy") and Defendant Metropolitan Life Insurance Company ("MetLife"). On May 18, 2008, McCravy filed a Complaint against MetLife after MetLife denied McCravy's claim for benefits under an ERISA governed life insurance plan. McCravy had listed her daughter as a covered dependent on the plan and had paid premiums, which had been accepted and retained by MetLife. In 2007, McCravy's daughter was tragically killed at the age of 25. McCravy, who was the beneficiary of the policy in the event of her daughter's death, filed a claim for benefits under the Plan. MetLife denied McCravy's claim on the grounds that McCravy's daughter was not eligible for coverage under the Plan because, at age 25, she was not an eligible dependent within the definition of the plan. McCravy admits that her daughter was not an eligible dependent under the terms of the plan but claims that since her daughter was listed as a dependent and since MetLife continued to accept premiums, MetLife should have provided McCravy benefits under the plan when her daughter died. In her Complaint, McCravy asserted causes of action for (1) Breach of Fiduciary Duty under ERISA, (2) Negligence, (3) Promissory Estoppel, and (4) Breach of Contract. Upon motion by MetLife, on June 12, 2009,

1

this court entered an Order dismissing all of Plaintiff's state law causes of action as preempted by ERISA. The court allowed McCravy's ERISA claim for breach of fiduciary duty under § 1132(a)(3) to proceed but held that McCravy's "damages on this claim are limited to a refund of the withheld premiums."

On June 22, 2009, McCravy filed a motion for summary judgment. On June 24, 2009, MetLife filed its memorandum in opposition to McCravy's motion for summary judgment and filed a cross-motion for summary judgment. Both parties agree that McCravy is entitled to a return of $311.09 in premiums. Based on this stipulation, the court grants McCravy's motion for summary judgment.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff Debbie McCravy's motion for summary judgment is **GRANTED** and Defendant Metropolitan Life Insurance Company's is **DENIED.** If MetLife believes that it has already paid Plaintiff Debbie McCravy then MetLife should determine if the issued check was ever cashed, and if it has not been, void the check and issue a new check to Plaintiff Debbie McCravy.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**January 14, 2010**
**Charleston, SC**